### WILLIAM D. HOY v. THE STATE.

#### No. 1380. Decided May 25, 1898.

**1.  Impeachment of a Witness—Irrelevant and Incompetent Evidence.**

Testimony which is not legitimate as original evidence certainly can not be used for the purpose of impeaching a witness. Irrelevant and improper evidence does not become admissible or proper because sought to be used for the purpose of impeachment.

**2.  Adultery—Evidence.**

See the opinion for facts stated, which the court hold present a most remarkable case of adultery.

APPEAL from the County Court of San Saba. Tried below before Hon. JOHN SEIDERS, County Judge.

Appeal from a conviction for adultery; penalty, a fine of $500.

The important facts are stated in the opinion.

*Leigh Burleson,* for appellant.—A wife can not be compelled to testify against her husband when he is charged with adultery; and when the wife is put on the stand and examined by the defendant, the State, in the cross-examination, must be confined to matters drawn out in the examination in chief. Creamer v. State, 34 Texas, 173; Greenwood v. State, 35 Texas. 587; Washington v. State, 17 Texas Crim. App., 197; Compton v. State, 13 Texas Crim. App., 271; Thomas v. State, 14 Texas Crim. App., 70.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of adultery, and his punishment assessed at a fine of $500; hence this appeal.

During the trial appellant introduced his wife, Mrs. Mary Hoy, as a witness. On her cross-examination State's counsel was permitted to ask her if she did not, on the day she carried Lillie Essary home, and while on the way tell her that she (Lillie) was pregnant, and that she (Mrs. Hoy) would give her (Lillie) $20 to lay it on Brack Teague; and further, if she did not tell said Lillie that it made no difference any way, as the defendant had ruined five or six girls already and had gotten out of it. This was objected to by defendant—first, because he was not present, and the evidence called for in reply to said questions was of a damaging character to him; second, because the witness was the wife of the defendant, and this cross-examination was not with reference to any matter brought out in the examination in chief. The questions were permitted to be asked as a predicate to impeach the witness, and counsel for the State stated to the court that it was offered for no other purpose. The witness denied having any such conversation with Lillie Essary. Lillie Essary was then placed on the stand, over defendant's objection,

and stated that while on the way from defendant's house to her father's residence, in company with Mrs. Hoy, Mrs. Hoy told her that she (Lillie) was pregnant, and that she (Mrs. Hoy) would give her $20 to lay it on Brack Teague; and, when Lillie refused to do this, Mrs. Hoy stated that it made no difference any way, as the defendant had ruined five or six girls already, and had gotten out of it. This was admitted for the purpose of contradicting and impeaching Mrs. Hoy. Appellant objected to this testimony, because said conversation, if it occurred, was in the absence of defendant, was calculated to prejudice his cause before the jury, and was not admissible for the purpose of impeachment or contradiction. The objections urged by the defendant were well taken, and should have been sustained. Having decided these questions so often adversely to this ruling of the lower court, we deem it unnecessary to enter into a further discussion of the subject. The State's counsel and the court evidently recognized that said testimony was not legitimate as original evidence by the wife against her husband. The very reason given by the court for the admission of the testimony should have excluded it. If it was not legitimate as original evidence, certainly it could not be used for the purpose of impeaching the witness. Irrelevant and inadmissible evidence does not become admissible or proper because sought to be used for the purpose of impeachment.

This is the most remarkable case of adultery that has come under our observation. It has often been said that "truth is stranger than fiction." If the evidence in this case is true, we have a demonstration of that statement. The alleged adulterous partner, Lillie Essary, testified that she was living in the house with the defendant and his wife, and had been so living from the 1st of January until about the 14th of June, when Mrs. Hoy, at the request of her father, carried her home. She says: "They were very kind to me, and treated me well at first, and on up until the last of April, when one night, just after I had retired, and a little after dark, defendant, who had not yet retired, came to my bed and asked me if I didn't want to blackguard with him some. I said, 'No,' I did not. He said, 'Well, I have a way of making girls do so with me.' I said, 'I don't see how you could make me.' Then Mrs. Hoy, his wife, came to my bed, and said, 'Lillie, let him do it; he can't harm you.' I continued to refuse. She says: 'Let him have it; he can't get a child. I have been living with him about twenty years, and he has not got me one.' I continued to refuse, and she said, 'Yes, we have a way of making girls do this thing, whether they want to or not.' And when I saw their purpose, and heard her say that, I yielded, and he accomplished his purpose with me. After that he did it whenever he wanted to do so, always at night, and in my bed, and his wife present. They only had one bedroom to the house, and we all slept in that room—he and his wife on her bed and me on mine. In addition to this room, there was a small cook room and gallery. Their family consisted of the two parties, defendant and his wife. My brother Jimmie boarded there a part of the time, and worked on the farm. He slept on a pallet in the same room

for awhile and then moved out on the gallery. Defendant never would try to have intercourse with me while brother Jimmie was there. But Jimmie would go home every Saturday night, and then defendant would have intercourse with me on Saturday nights and Sunday nights, when brother was away. I don't know exactly how many times defendant and I copulated, but a good many times. I was 15 years old at the time he was copulating with me. No other boy or man ever had criminal intercourse with me. I am now pregnant. Don't know just when I was caught; consequently don't know just when my child will be born. Don't know how far gone I am. My menstruals were on me last some time during April and May." This testimony was denied by Mrs. Hoy. We deem it unnecessary to pass upon the sufficiency of the evidence, but this is certainly a most remarkable state of facts. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HURT, Presiding Judge, absent.